UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X

JOHN DOE

    Plaintiff,

    -against-

BRONX COUNTY DISTRICT ATTORNEY'S OFFICE

    Defendants.
_____X

RECEIVED
SDNY PRO SE OFFICE
2022 JUN 21 PM 2:23

CIVIL RIGHTS COMPLAINT
PURSUANT TO 42 U.S.C. 1983
2000CC-1A(1), and (2)

Jury Trial Demanded
Case No._____

## I. INTRODUCTION

This suit presents three pertinent questions of law and fact:

(1) Are prosecutorial authorities, not party to a proffer contract, allowed to use a defendants alleged proffer statements against him outside of the "triggering" parameters in the contract?

(2) Are Prosecutorial authorities, not party to a proffer contract, allowed to compile independent notes of a proffer meeting between a criminal defendant and an alternate prosecutorial body, whereat said notes are not subject to the parameters of the executed contract?

(3) If a non-party, or a party to a proffer contract uses, cites, quotes and documents a defendants proffer statements in court filings, prosecutorial case files, with prison officials and with the Office of Mental Health, outside of the parameters set forth in the executed contract and is found to have breached that contract, what are the remedies that will make the defendant whole again and put him back in the position he was prior to that breach?

1

## II. JURISDICTION

This is a Civil Action seeking Injunctive, Compensatory and Declaratory Relief against defendant in order to protect his rights guaranteed by the Constitution of the United States. This action is brought pursuant to 42 U.S.C. 1983. The United States Southern District Court of the State of the State of New York has jurisdiction over this action pursuant to 28 U.S.C. 1331, 1343(3), (4), 1361 and 2201. This Court has supplemental jurisdiction over Plaintiff's constitutional state law tort claims under Article I, 5 of New York State Constitution prohibiting Cruel and Unusual Punishment and Treatment under 28 U.S.C. 1367. Venue properly lies in this district Pursuant to 28 U.S.C. 1391(B)(2), because the events giving rise to this cause of action occurred in the Southern District of the State. This is the jurisdiction of which the matters in controversy arose.

## III.  PARTIES

**PLAINTIFF:** JOHN DOE

**ADDRESS:**  Green Haven Correctional Facility,
594 rt. 216
Stormville, New York
12582

**DEFENDANTS:** BRONX COUNTY DISTRICT ATTORNEY' OFFICE

**ADDRESS:**  198 East 161st Street
Bronx, New York
10451

## IV.  PREVIOUS LAW SUITS

Plaintiff has a pending 42 U.S.C. 1983 lawsuit in the United States District Court of the Southern District of New York.

**PARTIES TO PREVIOUS LAW SUIT:**

**PLAINTIFF:** JOHN SMITH

**DEFENDANTS:** EXECUTIVE OFFICE OF THE UNITED STATES ATTORNEY

**COURT:** UNITED STATES DISTRICT COURT OF THE SOUTHERN DISTRICT OF NEW YORK

**DOCKET NUMBER:** 19-CIV-3572(LTS)

**NAME OF JUDGE ASSIGNED:** THE HONORABLE LAURA TAYLOR SWAIN

**DISPOSITION:** CURRENTLY PENDING

**APPROXIMATE DATE OF FILING:** January 24, 2019

## CASE FACTS

(1) On January 8, 2010, Plaintiff was indicted in a criminal matter before the Bronx County Supreme Court.

(2) On July 5, 2010, Plaintiff participated in a "Meeting" with the Assistant United States Attorney (hereinafter "AUSA"). This Meeting was pursuant to and predicated upon both parties executing a "Proffer" contract, which detailed the parameters of the meeting, the provisions thereof and the terms of which Plaintiffs statements may be used against him. **There were no representatives from the Bronx County District Attorney's Office present.**

(3) On November 13, 2010, Plaintiff participated in another Meeting with the AUSA, and again, the same proffer contract was signed between Plaintiff, his counsel and the AUSA. This second meeting differed from the first in that the Assistant District Attorney (ADA) from the Bronx County and a Bronx County detective were present. However, no representative from the Bronx County, were parties to the Proffer Agreement executed between Plaintiff and the AUSA.

3

(4) In March of 2011, Plaintiff plead guilty in the Bronx County Supreme Court to the January 2010 indictment. Neither **The AUSA, nor any federal agents or prosecutors were present or parties to Plaintiff state guilty plea**.

(5) In November of 2011, Plaintiff filed a Motion to Vacate (MTV) his Bronx County guilty plea conviction.

(6) In April of 2012, the Bronx County District Attorney's Office (hereinafter "BXCDAO") filed an Opposition to Plaintiffs MTV. In the BXCDAO's opposition motion, they included two "Federal 302 reports" and numerous references to Plaintiffs alleged statements made at the two meetings he participated in with the AUSA. Statements and documents included in the BXCDAO's opposition were not limited to their instant case, but included alleged proffer statements pertaining to allegations outside of their instant case.

(7) In August 2013, the Bronx County Supreme Court determined that Plaintiffs then counsel, failed to supplement and/or adopt Plaintiffs previously filed MTV.

(8) In September 2013 Plaintiff was sentenced in the Bronx County case pursuant to his guilty plea therein.

(9) In 2019, pursuant to his Freedom of Information of Law request to the BXCDAO, Plaintiff was provided with a "Determination" letter from their offices which revealed that the ADA included a "FBI Interview Summary", two "Federal 302 Reports" and a 46 page affirmation put forth by Plaintiff's then defense counsel. In Defense counsels affirmation he makes multiple references to Plaintiffs alleged proffer statements.

(10) After Plaintiffs realized that his BXCDAO case file was made available for public record, he filed a sealing motion with the Bronx County Supreme Court. The BXCDAO did not oppose the motion. The Bronx Supreme Court thereafter granted.

(11) Plaintiff now moves this court for Injunctive, Declaratory and Compensatory Relief based on the BXCDAO breach of Plaintiff proffer contract executed with the United States Government.

## VI   CAUSES OF ACTION

### FIRST CAUSE OF ACTION

Plaintiff seeks a PRELIMINARY INJUNCTION in the form of a TEMPORARY RESTRAINING ORDER (TRO) against defendants in this instant action, in order to prevent their continued use of, and expunge their previous use of Plaintiff's proffer protected statements. Plaintiff seeks to prevent defendant's perpetual breach of contract in citing, quoting and/or otherwise referencing Plaintiff's proffered statements in their past proceedings. Plaintiff contends that the defendants have violated the provisions of the proffer contract executed between himself and the EOUSA.

Plaintiff has suffered, and will continue to suffer the "immediate and irreparable injur[ies], loss [and] damage" that have resulted from defendants willful breach of contract. Plaintiff cannot afford to wait until this court conduct a hearing on this matter. Plaintiff requires an immediate injunction. Fed.R.Civ.P.65(b). Plaintiff did indeed execute a contract between himself and the EOUSA in the presence of his counsel (EXHIBIT (hereinafter "Ex.") A). The defendant's in this instant action were not, and are not parties to that contract. "Under New York Law, the elements of a breach of contract claim includes the existence of a contract, the Plaintiff performance there under, the defendant's breach thereof, and resulting damages". Wilder v. World of Boxing LLC, 777 Fed.App'x 531, 532 (2d Cir. 2019).

### SECOND CAUSE OF ACTION

Plaintiff seeks INJUCNCTIVE RELIEF. Defendants were not parties to the contractual agreement that's subject of this instant 42 U. S.C. §1983. The Proffer contract (Ex.A) contains the signatures of all parties subject thereto. Defendants in this action, as per the executed contract between Plaintiff and the EOUSA, are ONLY permitted to (1)" request access to information" compiled by the EOUSA, and (2) "honor the provisions of the agreement": (Ex. A, page 2, paragraph 6).

Defendants' violated the parameters of the contract by (1) compiling their own 16-page "FBI Summary" of Plaintiffs alleged proffered statements (see Ex.B), (B) providing the general public with two Federal 302 Report generated by the EOUSA, (C) referenced Plaintiffs alleged proffer statements in all it post-conviction filings, (D) providing the Department of Corrections and Community Services (hereinafter "DOCCS") with copies of the EOUSA's generated documents as well as their own "Summary" (E) providing the Office of Mental Health (OMH) with copies and information compiled and obtained through and by Plaintiffs executed contract with the EOUSA, (F) inter alia (all other dissemination and exposure of plaintiff's alleged proffer statements which are currently unknown to plaintiff.

Defendant's violated Plaintiffs constitutional rights including, but not limited to, his Fifth Amendment Right against Self-Incrimination, his Fourteenth Amendment Right to Due Process of law, his Eighth Amendment Right of protection against Cruel and Unusual Punishment, inter alia.

**Injunctive Relief** should be granted Plaintiff in order for him to preserve and maintain the benefits of what he bargained for with the EOUSA. Defendant's breach of contract has, and will continue to cause Plaintiff irreparable harm if this honorable court does not immediately

6

intervene. Injunctive Relief will both prevent defendants from further use and breach of the Proffer contract, and remove the stain of the past use and breach of the Proffer Contract by expunging all of defendant's previous unconstitutional violations thereof. Plaintiff requests that this court Order defendant's to remove, expunge and/or redact all references to Plaintiffs alleged proffer statements, utilized by defendant's outside of the parameters of the Proffer Contract executed between Plaintiff and the EOUSA, from all documents previously filed and all future filings in the Bronx County Supreme Court, the Appellate Division First Judicial Department, the DOCCS, OMH and/or other state, federal and/or other jurisdictional districts.

## THIRD CAUSE OF ACTION

Plaintiff seeks DECLARATORY RELIEF. Plaintiff prays this court will declare defendant's in breach of the contract executed between Plaintiff and the EOUSA as such Declaration would be just and proper. Defendants performed outside of the parameters set-forth therein the executed contract. Plaintiff requests that this honorable court declares defendants in violation of the contract and settle the right and legal relations of the parties for the issue raised in this instant action; that is, declaratory judgment is based on the fact that the provisions and conditions that would allow defendants the ability to "open the door" to Plaintiffs proffered statements are clearly written in the contractual agreements and regulated by decades of staris decisis based on the triggering mechanism that "open the door" in similar and identical proffer contracts executed in the second circuit and throughout the twelve circuit of the United States of the Judicial Divisions. Such Declaratory relief by this Court is necessary to prevent the future breach of contract and harm imposed upon Plaintiff through defendants filings. Defendant's use, dissemination and referencing of Plaintiffs alleged statements executed between parties other than their own, has for extending consequences far beyond the borders of this instant litigation,

and such, a declaratory judgment in this case is required to prevent this kind of government abuse in future and present litigation across this nation.

## FOURTH CAUSE OF ACTION

Plaintiff seeks Compensatory Damages against defendants. Defendant's made Plaintiff's alleged statements available for public view between 2013 and 2019, by placing two EOUSA Federal 302 Reports and a 16-page FBI Summary in Plaintiff Bronx County Criminal Case File. These documents were made available to the public for six-years through the Freedom of Information Law (hereinafter "FOIL") process. It wasn't until Plaintiffs Appellate Counsel filed a sealing motion with the Bronx County District Attorney's Office (BXCDAO) (See, Ex. C). Not only does defendant's compilation of a FBI Summary constitute a violation of Plaintiffs contract executed with the EOUA, but its public dissemination, not only placed Plaintiff and his family in immediate harm, but also constitutes Cruel and Unusual Punishment as defined by the Eighth Amendment of the United States Constitution. Plaintiff REQUIRES Compensatory Relief to make him whole, or at least attempt to do so such monetary relief may place Plaintiff back in the position he was in prior to defendant's breach and/or protect him from the poisonous fruits thereof. Plaintiff alleged statements pertained to occurrences that are, according to Plaintiffs then counsel, "under investigation" of the United States Government and include a "litany" of criminal acts (see, Ex. D at 16). As such, Plaintiff has already suffered considerable loss of his Fifth Amendment Rights. Moreover, Plaintiff has lost the right to a fair trial, impartial jury, inter alia, based on defendant's breach and public availability of his protected statements. Plaintiff is going to require the representation of a competent private state and federal attorney to mitigate the loss of his constitutional protections.

## MOTION FOR ANONYMITY

8

Plaintiff seeks to proceed with this instant 42 USC 1983 action anonymously and/or under the pseudonym "John Smith". However, Plaintiff is content with whatever pseudonym this court deems appropriate. Plaintiff is currently engaged in litigation in the United States Court of The Southern District of New York under the pseudonym "John Smith" (Ex E.)[1]. Plaintiff is a layperson and as such, has had a family member contact the Southern District Court of New York, who informed him that Plaintiff seeking to file in anonymity should file two motions with the court; one seeking anonymity and one captioned with his real name. Plaintiff prays this court accepts the motion for anonymity as his filing.

Plaintiff prays this court place all documents, materials, pleadings and exhibits under seal. The ENTIERTY of the exhibits, pleadings and motions Plaintiff has/will file and those attached hereto, have already been placed under seal either in this court or in the Bronx County Supreme Court. In Plaintiff's previously filed 42 USC 1982 (EX. E), after initially denying Plaintiffs motion for anonymity, upon his reconsideration filing, this honorable court under the discretion of the Honorable Laura T. Swain (Ex. F) granted Plaintiff's motion. Nevertheless, this courts initial denial and public filing of Plaintiff's motion caused him retaliatory physical and mental harm from the incarcerated population, as well as harm to his family in society (See Ex C.) statement by state attorney Lisa Packard, Esq. "Indeed, the Bronx County District Attorney's Office had advised the undersigned that an individual located at the same correctional facility as defendant recently requested the trial record under freedom of Information Law (FOIL)

---

[1] After reviewing Plaintiff renewed motion for anonymity, the Honorable Judge Laure T. Swain granted Plaintiff sealing order (see EX. E), "Plaintiffs filings discussed efforts to have Plaintiff testify in connection with a prosecution...the public availability of the information contained in Plaintiffs filings has led to specific, concrete threats to Plaintiffs safety. Plaintiff is particularly vulnerable to such threats while incarcerated. On the basis of these newly proffered facts, which demonstrate that identifying Plaintiff by name poses a serious risk of retaliatory physical harm, the Court grants Plaintiff's motion to proceed anonymously." Id at 3.

provisions." Id. at 5; see also, Ex F., Plaintiff's previously filed Motion for anonymity, "The public disclosure of transfers to federal custody alone, place Plaintiff in the cross-hairs of the prisoner population, but, most importantly, nefarious co-defendant's and others known [and unknown] to Plaintiff" Id. at 6).

The "newly proffered facts" cited by Judge Laure T. Swain remain relevant; today, and even more so in this instant action. In the case before Judge Swain, Plaintiff filed an action challenging the EOUSA's failure to provide the documents commensurate with his Freedom Of Information Act request (hereinafter "FOIA"). The substance of Plaintiffs FOIA request included the filing by the EOUSA of a habeas ad testificandum for Plaintiffs testimony in a grand jury proceeding in the Southern District Court. Such information placed Plaintiff and his family at credible and concrete risk of physical harm. As such, Judge Swain sealed all filings from electronic disclosure on Westlaw and Lexis Nexis publication services. Moreover, the Appellate Division First Judicial Department permitted Plaintiff to file his appeal anonymously based on the credible threats to his safety (see EX.G, "It is ordered that the motion is granted to the extent that the record on appeal and brief and all future filings on appeal are sealed. The clerk is director calendar the appeal under People v. Anonymous").

In this instant action, Plaintiff is seeking an Injunction from defendants past and future dissemination of his proffered statements outside of the parameters of the proffer contract executed with the EOUSA, of which defendants in this instant action are non-parties. Plaintiff asserts this courts, and its sister courts non-exhaustive list of factors relevant to consideration of Plaintiffs Motion for anonymity.

Plaintiff prays that this court order defendants in this instant action to place all documents, materials, pleadings and EXHIBITS herein under seal. The entirety of the

<mark>
</mark>

EXHIBITS, pleadings and motions Plaintiff has filed and/or included in this instant litigation and as per his request for anonymity have already been sealed by the Bronx County Supreme Court and/or the United States District Court for the Southern District of New York (See, EXHIBITS , E, and G). In Plaintiffs previously filed 42 U.S.C. 1983, he was granted Anonymity by the Southern District Court under the discretion of the Honorable Judge Laura T. Swain (See, Ex. E). However, Plaintiff was initially denied his request for anonymity. Such denial placed him directly in the cross-hairs of the prison population and had significant damage to his rehabilitory efforts herein. Moreover, such public filing of Plaintiff still current litigation caused non-parties significant threat of harm (See, Ex. , statement by Attorney Lisa A. Packard "Indeed, the Bronx County District Attorney's Office had advised the undersigned that an individual located at the same correctional facility as defendant recently requested the trial record under freedom of Information Law (FOIL) provisions." Id. at 5; see also, Ex. F, Plaintiff previously filed Motion for Anonymity, "The public disclosure of his transfers to federal custody alone, place Plaintiff in the cross-hairs of the prisoner population, but, most importantly, nefarious co-defendant's and others known [and unknown] to Plaintiff." Id at 6.

After reviewing Plaintiff's renewed motion for anonymity, the Honorable Judge Laura T. Swain granted Plaintiff's sealing motion (Ex. E, "Plaintiff filings discussed efforts to have Plaintiff testify in connection with a prosecution...the public availability of the information contained in Plaintiffs filings has led to specific, concrete threats of Plaintiffs safety. Plaintiff is particularly vulnerable to such threats while incarcerated. On the basis of these newly proffered facts, which demonstrate that identifying Plaintiff by name poses a serious risk of retalitory physical harm, the Court grants Plaintiff's motion to proceed anonymously Id at 3.

The "newly proffered facts" cited by the Honorable Judge Swain remain relevant in this instant litigation; even more so. In the case currently before Judge Swain, Plaintiff filed an action challenging the alleged withholding of FOIA documents by the Executive Office of the United States Attorney's Office (EOUSA).. The substance of Plaintiffs FOIA request included a copy of the habeas corpus writ used but defendants in that action, which facilitated his transfers to federal custody. Plaintiff assumed the writ was a habeas ad testificandum, but he could not be sure based on the defendant's withholding. Given Plaintiff position as a state prisoner and the substance of said habeas ad testificandum and the circumstances of his pre-sentence transfers to federal custody, such FOIA requests and ensuing litigation, placed Plaintiff and his family in the definite way of retaliatory harm Therefore, Judge Swain additionally sealed all filings from electronic public disclosure on Westlaw and Nexis Lexis services. Moreover, the Appellate Division, First Judicial Department agreed to file Plaintiffs state criminal conviction anonymously and seal all records (See, Ex.G, "It is ordered that the motion is granted to the extent that the record on appeal and brief and all future filings on appeal are sealed. The clerk is directed to calendar the appeal under People v. Anonymous").

(See, **Sealed Plaintiff v. Sealed Defendant**, 537 F.3d 185, 190):

(1) "Whether the litigation involves matters that are "highly sensitive and [of a] personal nature." In this instant matter, Plaintiff details multiple incidences of "sensitive" information that is of a "personal nature", including, but not limited to his participation in a federal proffer session; his being subpoenaed by the United States Attorney via a habeas ad testificandum, as well as the public filing of the Bronx County District Attorney's "FBI Summary", inter aloa.

(2) "Whether identification poses a risk of retaliatory physical or mental harm...or even more critically to innocent non-parties." Such harm is implicit in this instant action and is proven through the specific steps taken by both state and federal courts to minimize the harm by ordering the filings to be sealed and filed anonymously. (See, Ex. B, E, F, G    ).

(3) "Whether identification presents other harms...". (See, the above points numbers (1) one and (2) two.

(4) "Whether Plaintiff is particularly vulnerable to the harms of disclosure." In this instant action Plaintiff is incarcerated in a Maximum State Prison, and as such is "particularly" vulnerable to the harms of disclosure. Such vulnerability was acknowledged by the Honorable Judge Swain in her decision to allow Plaintiff to proceed under seal.

(5) "Whether the suit is challenging the actions of the government or that of private parties". Clearly, Plaintiffs suit is challenging the actions of governmental officials.

(6) "Whether the defendant is prejudiced by allowing Plaintiff to press his claims anonymously". The defendants in this instant action did not oppose Plaintiffs anonymity request with motions filed against it in the state and was not prejudiced by those flings. The same posture should apply, and remain viable with Plaintiffs filings in the District Court (Ex. E).

(7) "Whether the Plaintiff's identity has thus far been kept confidential" (refer to point number six).

(8) "Whether the publics interest in the litigation is furthered by requiring the Plaintiff to disclose his identity". None of the past or present State or Federal filings hindered public interest in the litigation and ALL filings in both jurisdiction have been submitted Anonymous and under seal of the court. This posture should not be disturbed.

13

(9) "Whether...there is weak public interest in knowing the litigants identities." (Refer to pints number 8, 7 & 6).

(10) "Whether there are any alternative mechanisms for protecting the confidentiality of the Plaintiff". Plaintiff has no other avenue to challenge the defendants use of his alleged proffered statements then to seek an **INJUNCTION** against its further use; and to seek a declaratory statement settling the Plaintiffs rights, the violations thereof, and the proper parameters as to which "open the door" to Plaintiffs alleged statements being used against him. Plaintiff has no other recourse to make him whole then to see compensatory relief from defendant in order to mitigate and minimize the damage that has resulted from defendant's willful breach of the executed contractual agreement between himself and EOUSA.

Respectfully submitted,

John Doe

Sworn to before me this
26
2̶7̶ of May, 2022

Notary Public

PATRICK LEON McNEIL
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01MC6324976
Qualified in Bronx County
My Commission Expires: 05·18·2023