UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN DOE,

               Plaintiff,

        -against-                        22-CV-5230 (LTS)

BRONX COUNTY DISTRICT ATTORNEY'S     ORDER OF DISMISSAL
OFFICE,

               Defendant.

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is currently incarcerated at Green Haven Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983. Plaintiff seeks leave to file this action anonymously. He alleges that, in 2012, an Assistant District Attorney from the Bronx County District Attorney's Office submitted documents to the Supreme Court, Bronx County in violation of Plaintiff's proffer agreement with federal authorities. The information was potentially available to the public through court documents from 2012, when it was disclosed, until 2019, when Plaintiff's new attorney asked the state court to seal the records.

      By order dated July 6, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees.[1]

**STANDARD OF REVIEW**

      The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma*

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. See 28 U.S.C. § 1915(b)(1).

*pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## BACKGROUND

On January 8, 2010, Plaintiff was indicted in the Supreme Court, Bronx County. (ECF 2 at 3, ¶ 1.) While these criminal proceedings were pending, on July 5, 2010, Plaintiff and his defense counsel met with the Assistant United States Attorney (AUSA) for a proffer session. (*Id.* at ¶ 2.) On November 13, 2010, Plaintiff again met with the AUSA; an Assistant District Attorney from the Bronx County District Attorney's Office was present, as was a "Bronx County Detective." (*Id.*) Plaintiff also had a third meeting with federal authorities on an unspecified date. Plaintiff was not prosecuted on federal charges.

In March 2011, Plaintiff pleaded guilty in the Supreme Court, Bronx County and, in November 2011, he moved to vacate his guilty plea. (*Id.* at 4, ¶ 5.) In April 2012, an attorney from the Bronx County District Attorney's Office opposed the motion to vacate, attaching to that submission an independently compiled FBI interview summary, two "Federal 302 reports," and an affirmation from Plaintiff's defense counsel. (*Id.* at ¶ 9.) Defense counsel's affirmation included "multiple references to Plaintiff's alleged proffer statements." (*Id.*)

In August 2013, the Supreme Court determined that Plaintiff's then-current defense counsel had failed to "supplement and/or adopt" Plaintiff's motion to vacate the guilty plea. (*Id.*

at ¶ 7.) In September 2013, Plaintiff was sentenced pursuant to his guilty plea.[2] On April 21, 2016, the Appellate Division granted Plaintiff's request that filings for his direct appeal be made under seal because written reports of his proffer session "became a part of the record when the conditional plea became the subject of a dispute between the parties." (ECF 2-1 at 10-11.)

In 2019, Plaintiff realized that the prosecutor's opposition motion, which included Plaintiff's proffer statements describing "a litany of criminal acts," was in the court file and potentially available to the public. (*Id.* at 8.) Plaintiff filed a motion to seal the trial court proceedings, and the Bronx County District Attorney's Office did not oppose the motion. The Supreme Court, Bronx County, granted the motion to seal.

Plaintiff contends that he has "lost the right to a fair trial . . . based on defendant's breach [of the proffer agreement] and public availability of his protected statements." (*Id.*) He further contends that the Bronx County District Attorney's Office has used his proffer statements "in court filings, prosecutorial case files, with prison officials and with the Office of Mental Health [OMH]." (*Id.* at ¶ 3.)

Plaintiff asserts that Defendant Bronx County District Attorney's Office has violated his rights under the Fifth, Eighth, and Fourteenth Amendments. He seeks damages and to expunge all documents that exceed the scope of the proffer agreement that were filed in the Supreme Court, Bronx County, the Appellate Division, First Department, the DOCCS, OMH, and "other state, federal and/or other jurisdictional districts." (*Id.* at 7.)

---

[2] According to public records of the Department of Correction and Community Supervision (DOCCS), Plaintiff is serving a sentence of 25 years to life imprisonment, to be followed by 20 years' supervised release.

## DISCUSSION

A.  **Leave to Proceed Anonymously**

The Court first considers Plaintiff's application to proceed anonymously. The United States Court of Appeals for the Second Circuit has articulated factors that courts should consider in deciding whether to permit a party to proceed anonymously:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id.* at 190 (alterations, ellipses, quotation marks, and citations omitted).

Here, Plaintiff alleges that he is incarcerated and that he could suffer retaliation based on his disclosure of information during proffer sessions with federal authorities, if that information were to become public. Plaintiff's identity in this action has, thus far, been kept confidential. It is not clear that there are alternative means of protecting Plaintiff's confidentiality. Moreover, it appears that this civil action will be resolved at an early stage in litigation. Accordingly, after consideration of the relevant factors, the Court grants Plaintiff's request to proceed anonymously in this matter.

B.   **Bronx County District Attorney's Office**

Plaintiff names the Bronx County District Attorney's Office as the sole defendant in this action. "Under New York State law, the Office of the District Attorney does not itself have a legal existence separate from the District Attorney." *Jones v. City of New York*, 988 F. Supp. 2d 305, 314 (E.D.N.Y. Dec. 20, 2013) (citing *Woodward v. Office of DA*, 689 F. Supp. 2d 655, 658 (S.D.N.Y. 2010)). Plaintiff's claims against the Bronx County District Attorney's Office must therefore be dismissed because it lacks the capacity to be sued.[3]

The Court liberally construes Plaintiff's claim as being asserted against Bronx County Assistant District Attorney (ADA) Seanan Reidy, who is described in Plaintiff's affirmation (ECF 6 at 4), and considers whether Plaintiff states a claim against the ADA.

Prosecutors are immune from civil suits for damages for acts committed within the scope of their official duties that are "'intimately associated with the judicial phase of the criminal process.'" *Giraldo v. Kessler*, 694 F.3d 161, 165 (2d Cir. 2012) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (absolute immunity is analyzed under a "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it" (internal quotation marks and citations omitted)).[4] Prosecutors are also absolutely immune from suit for acts that may be administrative

---

[3] A district attorney is "a state rather than a local representative 'when prosecuting a criminal matter[.]'" *Bellamy v. City of N.Y.*, 914 F.3d 727, 757 (2d Cir. 2019) (alteration omitted and quoting *Baez v. Hennessy*, 853 F.2d 73, 77 (2d Cir. 1988)). By contrast, where the challenged conduct involves the policies and customs of the district attorney's office, "'the district attorney is a municipal policymaker,' because in making decisions other than whether to prosecute the 'district attorney acts as the manager of the district attorney's office, which . . . is a municipal function.'" *Id.* (quoting *Walker v. City of N.Y.*, 974 F.2d 293, 301 (2d Cir. 1992)). Here, Plaintiff does not allege that documents were submitted to the criminal court pursuant to a policy of the district attorney's office.

[4] *See, e.g., Taylor v. Kavanagh*, 640 F.2d 450, 452 (2d Cir. 1981) ("[B]ecause a prosecutor is acting as an advocate in a judicial proceeding, the solicitation and subornation of

obligations but are "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009); *see also Ogunkoya v. Monaghan*, 913 F.3d 64, 70-72 (2d Cir. 2019).

Here, Plaintiff's claims are based on allegations that ADA Reidy submitted documents to the criminal court in 2012. Submitting a brief to the criminal court was within the scope of the ADA's official duties and associated with the judicial phase of the criminal process. The ADA is thus immune from suit for such claims. Plaintiff's claims against ADA Reidy must therefore be dismissed because they seek monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(b)(iii), and, consequently, as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See Collazo v. Pagano*, 656 F. 3d 131, 134 (2d Cir. 2011) (holding that claim against prosecutor is frivolous if it arises from conduct that is "intimately associated with the judicial phase of the criminal process").

C.     **Challenge to Criminal Conviction**

Plaintiff's allegations that he was "deprived of a fair trial" because of the material included in the opposition to his motion to vacate his guilty plea might be understood as a challenge to his conviction. A plaintiff cannot challenge the validity of his conviction or obtain release from custody, however, in a Section 1983 action; instead, he can obtain such relief in federal court only by bringing a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254. *See Wilkinson v. Dotson*, 544 U.S. 74, 78-82 (2005) (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973)) (noting that writ of *habeas corpus* is sole federal remedy for prisoner seeking to challenge the fact or duration of his confinement). The Court therefore dismisses these

---

perjured testimony, the withholding of evidence, or the introduction of illegally-seized evidence at trial does not create liability in damages."); *Shmueli v. City of New York*, 424 F.3d 231, 237 (2d Cir. 2005) ("A prosecutor is . . . entitled to absolute immunity despite allegations of his 'knowing use of perjured testimony' and the 'deliberate withholding of exculpatory information.'").

allegations, without prejudice to Plaintiff's pursuing them through a petition for a writ of *habeas corpus* challenging his conviction, if available.[5]

**D.     Leave to Amend**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). The defects in Plaintiff's complaint cannot be cured with an amendment because a prosecutor is immune from suit for statements made in court filings. The Court therefore declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii), based on prosecutorial immunity.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   July 18, 2022
         New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge

---

[5] Because Plaintiff has proceeded anonymously in other court matters, it is unclear if he appealed his conviction or if he has filed a petition for a writ of *habeas corpus* under Section 2254 challenging his conviction.